### In the Matter of Spurgeon GREEN, III

### No. 98S00–0408–DI–360.

Supreme Court of Indiana.

Nov. 24, 2004.

### ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on August 12, 2004, advising that the respondent, Spurgeon Green, III, was disciplined by the Illinois Supreme Court and requesting, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On September 2, 2004, this Court issued an *Order to Show Cause,* to which the respondent has not responded. This case is now before us for final resolution.

We now find that the respondent was admitted to practice law in Indiana on December 17, 1991. Respondent's license to practice in Indiana has been suspended since April 30, 2004. 94S00–0404–MS–187. Respondent's discipline in Illinois arose from his failure to pursue a personal injury claim for a client. Respondent's failure to appear at a status call on February 24, 1998 resulted in the dismissal of the client's claim. Respondent filed a motion to set aside the dismissal that was denied, but the court provided the client's claim could be re-filed within one year of the dismissal. Respondent took no steps to re-file the suit. The client filed a malpractice claim against respondent and received a judgment against respondent for $160,000. When the client sought to enforce the judgment in Georgia, respondent denied that a judgment had been entered against him. Respondent's debts were discharged in bankruptcy April 23, 2003.

In connection with the Illinois proceedings Respondent filed an affidavit in which he acknowledged violations of the Illinois Rules of Professional Conduct as follows: 1.1, failure to provide competent representation; 1.3, failure to act with reasonable diligence; 4.1(a), making a false statement of material fact or law; 8.4(a)(4), conduct involving dishonesty, fraud, deceit or misrepresentation, 8.4(a)(4), conduct prejudicial to the administration of justice; and violation of Supreme Court Rule 771, conduct tending to defeat the administration of justice or bringing the courts into disrepute.

On May 19, 2004, pursuant to a *Petition to Impose Discipline on Consent Pursuant to Supreme Court Rule 762(b),* the Illinois Supreme Court suspended respondent for ninety days, effective June 7, 2004. *In re Spurgeon Green, III,* No. M.R. 19320.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;
(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

failed to demonstrate why reciprocal discipline should not issue in this state.

IT IS, THEREFORE, ORDERED that the respondent, Spurgeon Green, III, is hereby suspended from the practice of law in this state. The respondent shall not be eligible to petition for reinstatement in this state pursuant to Admis.Disc.R. 23(4) until reinstated to the practice of law in Illinois and respondent's suspension under 94S00–0404–MS–187 is cured, or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the Supreme Court of Illinois, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.

(4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.